IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Nathan Connolly and Shani Mott,<br><br>Plaintiffs,<br><br>v.<br><br>Shane Lanham, 20/20 Valuations, LLC, and loanDepot.com, LLC,<br><br>Defendants. | Civil Action No. 1:22-cv-2048-SAG |

## PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS SHANE LANHAM AND 20/20 VALUATIONS, LLC'S COUNTERCLAIM

Plaintiffs/Counter Defendants Nathan Connolly and Shani Mott ("Plaintiffs"), through their attorneys, hereby submit the following Answer and Affirmative Defenses in response to Defendants Shane Lanham and 20/20 Valuations, LLC's Counterclaim ("Counterclaim") filed by Defendants/Counter Plaintiffs Shane Lanham and 20/20 Valuations, LLC ("Defendants").

### NATURE OF THE ACTION

1.  The allegations in Paragraph 1 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 1.

2.  The allegations contained in Paragraph 2 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 2.

1

3. The allegations contained in Paragraph 3 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 3.

4. Plaintiffs deny the allegations contained in Paragraph 4.

5. Plaintiffs admit that they are professors at Johns Hopkins University and that they have educational backgrounds consistent with that employment. Plaintiffs deny the remaining allegations contained in Paragraph 5.

6. The allegations contained in Paragraph 6 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 6.

7. Plaintiffs deny the allegations contained in Paragraph 7 related to Defendants' appraisal. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations.

8. Plaintiffs deny the allegations contained in Paragraph 8.

9. Plaintiffs deny the allegations contained in Paragraph 9.

10. Plaintiffs deny the allegations contained in Paragraph 10.

11. The allegations contained in Paragraph 11 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 11.

12. The allegations contained in Paragraph 12 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 12.

13. Plaintiffs admit that they did not provide Defendants with the second appraisal prior to the start of discovery. Plaintiffs deny the remaining allegations contained in Paragraph 13.

14. The allegations contained in Paragraph 14 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 14.

15. Plaintiffs deny the allegations about their conduct contained in Paragraph 15. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. The allegations contained in Paragraph 16 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 16.

## PARTIES

17. Plaintiffs admit the allegations contained in Paragraph 17 regarding Defendant Lanham's license. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 17.

18. Plaintiffs admit the allegations contained in Paragraph 18.

19. Plaintiffs admit the allegations contained in Paragraph 19.

20. Plaintiffs admit the allegations contained in Paragraph 20.

21. Plaintiffs admit the allegations contained in Paragraph 21.

## JURISDICTION AND VENUE

22. The allegations contained in Paragraph 22 are conclusions of law for which no response is required.

23. The allegations contained in Paragraph 23 are conclusions of law for which no response is required.

## FACTUAL BACKGROUND

24. Plaintiffs admit the allegations contained in Paragraph 24.

25. Plaintiffs admit that 209 Churchwardens Road is in the Homeland neighborhood of Baltimore, Maryland ("Homeland"). Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 25.

26. Plaintiffs admit that 209 Churchwardens Road is located on the corner of Churchwardens Road and Northern Parkway. The remaining allegations contained in Paragraph 26 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the remaining allegations contained in Paragraph 26.

27. Plaintiffs admit that Northern Parkway runs across Baltimore City in an east/west direction. The remaining allegations contained in Paragraph 27 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the remaining allegations contained in Paragraph 27.

28. Plaintiffs admit that a tree line separates 209 Churchwardens Road from Northern Parkway. The remaining allegations contained in Paragraph 28 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the remaining allegations contained in Paragraph 28.

29. Plaintiffs deny the allegations contained in the first sentence of Paragraph 29. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 29.

30. Plaintiffs admit the allegations contained in Paragraph 30.

31. Plaintiffs admit that they purchased 209 Churchwardens Road on or about March 16, 2017, for $450,000. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 31.

32. The allegations contained in Paragraph 32 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 32.

33. Plaintiffs admit the allegations contained in Paragraph 33.

34. Plaintiffs admit the allegations contained in Paragraph 34.

35. Plaintiffs admit that Lanham visited 209 Churchwardens Road on or about June 14, 2021, as part of the appraisal process. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 35.

36. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 36.

37. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 37.

38. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 38.

39. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 39.

40. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40.

41. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41.

42. Plaintiffs admit that 102 E. Northern Parkway is located in Homeland, and that it sold in December 2020 for $435,000. Plaintiffs admit that 209 Churchwardens Road is on the corner of Churchwardens Road and Northern Parkway but deny any further characterization of the street on which the home is located. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining factual statements about 102 E. Northern Parkway made in Paragraph 42 or the accuracy of the photographs contained therein. The remaining allegations contained in Paragraph 42 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the remaining allegations contained in Paragraph 42.

43. Plaintiffs admit that 5606 Purlington Way sold in April 2021 for $530,000. Plaintiffs deny that it is located in Homeland. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining factual statements about 5606 Purlington Way made in Paragraph 43 or the accuracy of the photographs contained therein. The remaining allegations contained in Paragraph 43 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the remaining allegations contained in Paragraph 43.

44. Plaintiffs admit that 5604 St. Albans Way is located in Homeland, and that it sold in December 2020 for $545,000. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining factual statements about 5604 St. Albans Way made in Paragraph 44 or the accuracy of the photographs contained therein. The remaining allegations contained in Paragraph 44 are for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the remaining allegations contained in Paragraph 44.

45. Plaintiffs deny the allegations contained in Paragraph 45.

46. Plaintiffs admit that Lanham appraised 209 Churchwardens Road for $472,000. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 46.

47. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47.

48. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48.

49. Plaintiffs deny the allegations contained in Paragraph 49.

50. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50.

51. Plaintiffs admit that, in June 2021, Defendant loanDepot.com informed Plaintiffs that Defendant Lanham valued their home at $472,000 and that Plaintiffs purchased the home four years prior for $450,000. The remaining allegations contained in Paragraph 51 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the remaining allegations contained in Paragraph 51.

52. Plaintiffs admit that they provided alternative comparable properties to Defendant loanDepot.com. Plaintiffs deny that those properties were not comparable to 209 Churchwardens Road.

53. Plaintiffs admit that they identified 5305 Purlington Avenue as a potential comparable property. The remaining allegations contained in Paragraph 53 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the remaining allegations contained in Paragraph 53.

54. Plaintiffs admit that they identified 107 Witherspoon Road as a potential comparable property. The remaining allegations contained in Paragraph 54 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the remaining allegations contained in Paragraph 54.

55. Plaintiffs admit that they identified 114 Croyden Road as a potential comparable property. The remaining allegations contained in Paragraph 55 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the remaining allegations contained in Paragraph 55.

56. Plaintiffs admit the allegations contained in Paragraph 56.

57. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the factual allegations regarding 206 E. Northern Parkway or whether the photographs contained in Paragraph 57 accurately depict that property. The remaining allegations contained in Paragraph 57 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the remaining allegations contained in Paragraph 57.

58. The allegations contained in Paragraph 58 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 58.

59. Plaintiffs deny the allegations contained in Paragraph 59.

60. Plaintiffs admit the allegations contained in Paragraph 60.

61. Plaintiffs admit that Daniel Ray Dodd conducted an appraisal of Plaintiffs' home on or about January 18, 2022.

62. Plaintiffs admit that they removed markers of African American identity from 209 Churchwardens Road prior to Dodd's appraisal. Plaintiffs deny that they sought to misrepresent who owned the home.

63. Plaintiffs admit that Dodd appraised the home for $750,000.

64. Plaintiffs admit that they did not provide Defendants with the second appraisal prior to the start of discovery. The remaining allegations contained in Paragraph 64 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the remaining allegations contained in Paragraph 64.

65. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the factual allegations about 118 E. Northern Parkway contained in Paragraph 65. The remaining allegations contained in Paragraph 65 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the remaining allegations contained in Paragraph 65.

66. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the factual allegations about 118 E. Northern Parkway contained in Paragraph 66. The remaining allegations contained in Paragraph 66 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the remaining allegations contained in Paragraph 66.

67. Plaintiffs deny the allegations contained in Paragraph 67.

68. The allegations contained in Paragraph 68 are arguments for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 68.

69. Plaintiffs deny that Defendant Lanham's valuation of their home was "supported by the comparable properties most locationally similar to 209 Churchwardens Road" and deny that Defendant Lanham's appraisal did not consider race. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 69.

70. Plaintiffs admit that they were interviewed by a reporter from the New York Times in or about August 2022. Plaintiffs deny that they had a "media campaign against Mr. Lanham and 20/20 Valuations."

71. Plaintiffs deny the allegations contained in Paragraph 71.

72. Plaintiffs admit that they were interviewed by ABC News in August 2022. Plaintiffs deny the remaining allegations contained in Paragraph 72.

73. Plaintiffs deny the allegations contained in Paragraph 73.

74. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first clause of Paragraph 74. Plaintiffs deny the remaining allegations contained in Paragraph 74.

## COUNT I

### DEFAMATION

75. Plaintiffs reallege and incorporate by reference all of their responses to Paragraphs 1 to 74 above.

76. The allegations in Paragraph 76 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 76.

77. The allegations in Paragraph 77 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 77.

78. The allegations in Paragraph 78 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 78.

79. The allegations in Paragraph 79 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 79.

80. The allegations in Paragraph 80 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 80.

81. The allegations in Paragraph 81 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 81.

82. The allegations in Paragraph 82 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 82.

83. The allegations in Paragraph 83 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 83.

84. The allegations in Paragraph 84 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 84.

85. Plaintiffs deny the allegations contained in Paragraph 85.

86. The allegations in Paragraph 86 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 86.

87. The allegations in Paragraph 87 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 87.

88. The allegations in Paragraph 88 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 88.

89. The allegations in Paragraph 89 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 89.

90. The allegations in Paragraph 90 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 90.

91. The allegations in Paragraph 91 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 91.

## COUNT II

### FALSE LIGHT INVASION OF PRIVACY

92. Plaintiffs reallege and incorporate by reference all of their responses to Paragraphs 1 to 91 above.

93. The allegations in Paragraph 93 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 93.

94. The allegations in Paragraph 94 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 94.

95. The allegations in Paragraph 95 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 95.

96. The allegations in Paragraph 96 contain conclusions of law for which no response is required. To the extent a response is deemed necessary, Plaintiffs deny the allegations contained in Paragraph 96.

### PRAYER FOR RELIEF

97. Plaintiffs deny that Defendants are entitled to any relief requested or any other relief as Plaintiffs did not defame Defendants or subject them to false light invasion of privacy.

98. Plaintiffs deny that Defendants are entitled to any compensatory damages as Plaintiffs did not defame Defendants or subject them to false light invasion of privacy and any claim for damages is speculative and remote.

99. Plaintiffs deny that Defendants state any claims in the Counterclaim that would entitle them to any award of punitive damages.

100. Plaintiffs deny that Defendants are entitled to any attorneys' fees, costs, or disbursements as requested in their Counterclaim.

101. Plaintiffs also expressly deny all allegations not expressly admitted herein. To the extent any subheadings used by Defendants contain factual allegations that require a response, Plaintiffs deny those factual allegations.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

102. Defendants' claims are barred because they have failed to state a valid claim upon which relief can be granted.

103. Defendants' claims are barred because any allegedly defamatory statements are protected by the First Amendment to the United States Constitution.

104. Defendants' claims are barred because any allegedly defamatory statements represent Plaintiffs' opinion.

105. Defendants' claims are barred because any allegedly defamatory statements are privileged.

106. Defendants' claims are barred because Defendants' counterclaim is a strategic lawsuit against public participation (a "SLAPP" suit).

107. Plaintiffs did not make defamatory or false statements, nor were they legally at fault for any statements made.

108. Plaintiffs acted in good faith and in a prudent manner and exercising the required duty of care.

109. Defendants' alleged damages were not caused by Plaintiffs.

110. Defendants' alleged damages were and are the result, in whole or in part, of the actions or omissions of non-party individuals and/or parties over whom Plaintiffs had no control.

111. Defendants' alleged damages were caused by acts or omissions of Defendants.

112. Defendants alleged damages not proximately caused by Plaintiffs.

113. Defendants' claims are barred, in whole or in part, by waiver and estoppel.

114. Defendants' claims are barred by failure to mitigate damages.

115. Plaintiffs reserve the right to amend this Answer and to assert additional defenses and/or defenses based on information obtained during pretrial discovery.

WHEREFORE Plaintiffs Nathan Connolly and Shani Mott request that the Counterclaim be dismissed and that they be awarded their costs and attorneys' fees in connection with this matter, along with such other and further relief as this Court deems appropriate.

Respectfully submitted,

/s/ John Relman
John Relman #11482
Gabriel Diaz*
Soohyun Choi*
David DePriest*
RELMAN COLFAX PLLC
1225 19th St., NW, Suite 600
Washington, D.C. 20036
Tel: 202-728-1888
Fax: 202-728-0848
*Attorneys for Plaintiff*

* admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, a copy of the foregoing Plaintiff's Answer and Affirmative Defenses to Defendants Shane Lanham and 20/20 Valuations, LLC's Counterclaim was filed and served electronically on all counsel of record using the Court's CM/ECF system.

/s/ John Relman
John Relman

*Counsel for Plaintiff*